TIMOTHY DWYER v. THE NEW YORK, LAKE ERIE AND WESTERN RAILWAY COMPANY.

A person who, in passing from a ferry-boat to the dock, puts himself in so dense a crowd that he cannot see to his footing, and in that situation gets his foot crushed between the boat and the dock, has no cause of action against the ferry company, as his own negligence has been contributory to the injury.

Motion for a new trial.

This suit was for an injury to the plaintiff's foot, occasioned by its getting between the ferry-boat of the defendant and the dock at the landing. The accident occurred about six o'clock on a November evening, after the boat was lighted. The plaintiff left the boat by the horse-gangway. His own account of the affair was this: " I got amongst the crowd, and the first thing I knew the man opened the gates and they all rushed off, and I went with them." The question was asked, " How did the crowd move? " and answered, " Well, you see, standing, pushing, getting the place of each other." " Q. But you say you didn't look where you were walking? A. I couldn't look. Q. But I understand you to say, likewise, that you didn't look? A. No; I don't see how I could look. Q. Now, I ask you, anyhow, did you look at your footing before you when you went ashore? A. Well, I couldn't see where I was walking; the crowd was in front of me and back of me. Q. Did you attempt to look? A. Certainly; I must have attempted to look. Q. I don't want to know what you must have done, I want to know what you remember you did —did you attempt to look? A. Yes, sir; I. think I did. Q. What makes you think you did? A. Because I knowed I was near the edge of the boat, and I thought the boat was in, and the boat might be lower than the bridge. Q. But if you had looked, and the boat was lower than the bridge, wouldn't you have seen it? A. Certainly. Q. Well, then, did you see it? A. No, sir; I couldn't; * * * I attempted to look, and couldn't; the crowd was pushing, and if I stopped and got down to look, I would be pushed forward."

Argued at November Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the rule, *Cortlandt Parker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The rule for a new trial of this case should, in my opinion, be made absolute.

The plaintiff's own negligence was plainly contributory to the injury of which he complains. Accepting as the truth his own statement, when on the witness-stand, of the affair in question, he has no standing, as I think, to call on the defendant to compensate him for the consequences of the accident that befel him. When he says that he placed himself in the midst of a jostling crowd of persons, and that he voluntarily attempted to pass off the boat in that situation, and, on account of the press of such passengers, was unable to see to his footing as he approached the line of separation between the boat and the dock, he manifests most conclusively his own contribution of carelessness as a partial cause of the disaster that occurred. In the case of *New Jersey R. R. Co.* v. *Palmer*, 4 *Vroom* 94, I expressed the opinion that a passenger, in leaving one of these boats, could not, without being legally culpable, put himself in such a position that for all useful purposes he deprived himself, for the time being, of the use of his eyesight, and time and subsequent reflection have had the effect to confirm me strongly in the conviction of the correctness of that view. The point of junction of the ferry-boat and its dock must of necessity be a point of danger. It is idle to liken the transit over such a place to the passing along an ordinary public thoroughfare, for under ordinary conditions the latter is a place of safety, while the former must of necessity be liable to be perilous, for its safeness is altogether dependent on the exercise of incessant, caution on the part of human agents, which, while man remains the imperfect creature that he is, cannot be entirely trustworthy. I can, looking at the reason of things, see no difference between the man who with his eyes closed crosses a railroad track, trusting his safety to the fact that the flagman is at his post, and him who, waiving the use of his eyes, attempts to pass from one of these boats, concluding that all is right because the gates have been opened. A man's eyes are the sentinels that usually warn him of the approach to danger, and if he chooses to abandon them it is the general rule of law that he does so at his own cost. In the present case there is no pretence that if

the plaintiff had not put himself in the thick of the crowd of persons who were rushing and pushing their way off the boat that he would not have been easily able to avoid the accident in question. Under such conditions I think he should have been non-suited, and a *venire de novo* should consequently be awarded.